# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ERASMO DURAN individually and on behalf of all others similarly situated, <br><br> v. <br><br> HILL COUNTRY STAFFING COMPANY, LLC | **Case No.: 1:20-cv-00445** <br> Collective Action (29 U.S.C. § 216(b)) <br> Rule 23 Class Action |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. This lawsuit seeks to recover overtime compensation for Duran and his similarly situated co-workers who held the position of Equipment Operators and all other similar hourly non-exempt employees (collectively, "Non-Exempt Workers") - who work or have worked for Hill Country Staffing, Co. ("HCS") nationwide.

2. Started in 1998, HCS is a staffing company that provides staffing services for companies in the oil and gas industry, providing Equipment Operators, Pipeline Worker, and Drillers to meet the everchanging needs of the oil and gas industry.[1]

3. Headquartered in Georgetown, Texas, HCS subcontracts with oil and gas companies nationwide.

4. As a result, HCS employs and compensates several hundreds of oilfield workers throughout the United States.

5. Duran and similarly situated Non-Exempt Workers typically work 11 to 20-hour shifts, 7 days a week for weeks at a time, all while in some of the harshest working conditions.

---

[1] About Us (*available at*: https://www.hillcountrystaffing.com/about-us) (last visited April 27, 2020).

6. In fact, HCS indicates on its website that Equipment Operators should expect to work 14 to 21 consecutive work days "with long hours."[2]

7. Despite this, Equipment Operators and other similar Non-Exempt Workers do not receive overtime pay for all the hours work in excess of 40 per workweek in violation the Fair Labor Standards Act § 201 *et seq.* ("FLSA"). Rather, HCS will often pay Non-Exempt Workers straight time pay at their regular hourly rate.

8. Duran brings this action on behalf of himself and similarly situated current and former Non-Exempt Workers who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b) to remedy violations of the wage-and-hour provisions of the FLSA by HCS that has deprived Duran and similarly situated employees of their lawfully earned wages.

9. Duran also bring this action on behalf of himself and similarly situated Non-Exempt Workers in Pennsylvania pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the Pennsylvania Minimum Wage Act ("PMWA").

## JURISDICTION AND VENUE

10. This Court has original jurisdiction under 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331(a), 1332(a), and/or pursuant to 28 U.S.C. § 1367.

11. The proposed collective action includes a total number of Durans in excess of 100.

12. Venue is proper in the Western District of Texas because HCSs have their corporate headquarters based in this District and perform business in this District.

---

[2] *See* Equipment Operators, (*available at* https://www.hillcountrystaffing.com/equipment-operator (last visited April 27, 2020).

## PARTIES

13. Erasmo Duran ("Duran") is an adult individual who is a resident of the State of Arizona.

14. Duran was employed by HCS as an Equipment Operator from approximately November 2016 through March 2019.

15. At all relevant times, Duran was an "employee" of HCS as defined by the FLSA and the PMWA.

16. At all relevant times, HCS was Duran's "employer" as defined in the FLSA and the PMWA.

17. A written consent form for Duran is being filed with this Class Action Complaint as Exhibit 1.

## HCS

### Hill Country Staffing, Co.

18. Hill Country Staffing, Co. has co-owned and/or co-operated all HCS corporations and work sites throughout the United States during the relevant time period.

19. HCS Group is a domestic limited liability company organized and existing under the laws of Texas.

20. HCS Group identifies its mailing address as 501 S Austin Ave., #1310. Georgetown, TX 78626.

21. At all relevant times, HCS has maintained control, oversight, and direction over Duran and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

22. HCS applies the same employment policies, practices, and procedures to all Non-Exempt Workers throughout the United States.

23. At all times relevant, HCS has had an annual gross volume of sales in excess of $500,000.00 and has had at least two employees that handle, use, work on, or sell goods or materials that were produced for interstate commerce or that moved in interstate commerce, including vehicles, telephones, office equipment, tools, and safety equipment.

## FACTS

24. Consistent with their policies and patterns or practices as described herein, HCS harmed Duran, individually, as follows:

**Erasmo Duran**

25. HCS employed Duran to work on various oil and gas sites operated by companies that subcontract with HCS in Kansas, Pennsylvania, and Texas.

26. Duran regularly worked over 40 hours per week. He generally worked at least 11 hours per day for 14 days at a time, generally followed by 7 days off.

27. Despite regularly working over 40 hours per workweek, HCS did not pay Duran time and one half his regular rate for all the hours he worked over 40. Rather, in many instances, Duran was compensated at only his regular rate of pay.

## COLLECTIVE/CLASS ALLEGATIONS

28. Duran brings the First Cause of Action, a FLSA claim, on behalf of himself and all similarly situated persons who work or have worked as Non-Exempt Workers for HCS nationwide who elect to opt-in to this action (the "FLSA Collective").

29. Duran brings the Second Cause of Action, an overtime claim under the PMWA, on behalf of himself and all similarly situated persons who have worked as Non-Exempt Workers for HCS in Pennsylvania (the "Pennsylvania Class").

30. HCS is liable under the FLSA for, *inter alia*, failing to properly compensate Duran and the FLSA Collective.

31. Consistent with HCS's policies and patterns or practices, Duran and the FLSA Collective were not paid the proper premium overtime compensation for all hours worked beyond 40 hours in a workweek.

32. All of the work that Duran and the FLSA Collective has performed has been assigned by HCS, and/or HCS has been aware of all of the work that Duran and the FLSA Collective have performed.

33. As part of their regular business practice, HCS have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Duran and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

   a. willfully failing to pay its employees, including Duran and the FLSA Collective, premium overtime wages for all hours worked in excess of 40 hours per workweek; and

   b. willfully failing to record all the time that their employees, including Duran and the FLSA Collective, have worked for the benefit of HCS.

34. HCS's unlawful conduct, as described in this Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by misclassifying employees.

35. HCS is aware or should have been aware that federal law required them to pay Duran and the FLSA Collective overtime premiums for all hours worked in excess of 40 per workweek.

36. Duran and the FLSA Collective perform or performed the same primary duties.

37. There are many similarly situated current and former Non-Exempt Workers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

38. Those similarly situated employees are known to HCS, are readily identifiable, and can be located through HCS's records.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Duran and the FLSA Collective)**

39. Duran realleges and incorporates by reference all allegations in all preceding paragraphs.

40. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to HCS and protect Duran and the members of FLSA Collective.

41. HCS failed to pay Duran and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rate of pay, which includes all total earnings per workweek, for all hours worked beyond 40 per workweek.

42. HCS's unlawful conduct, as described in this Complaint, has been willful and intentional. HCS was aware or should have been aware that the practices described in this Class Action Complaint were unlawful. As such, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

43. As a result of HCS's willful violations of the FLSA, Duran and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**SECOND CAUSE OF ACTION**
**Pennsylvania Minimum Wage Act – Overtime Wages**
**(Brought on Behalf of Duran and the Pennsylvania Class)**

44. Duran realleges and incorporates by reference all allegations in all preceding paragraphs.

45. The overtime provisions of the PMWA and its supporting regulations apply to HCS and protect Duran and the Pennsylvania Class.

46. HCS failed to pay Duran and the Pennsylvania Class the premium overtime wages to which they were entitled under the PMWA – at a rate of 1.5 times their regular rate of pay – for all hours worked beyond 40 per workweek.

47. Through their knowing or intentional failure to pay Duran and the Pennsylvania Class the appropriate overtime wages for hours worked in excess of 40 hours per workweek, HCS willfully violated the PMWA, 43 P.S. § 333.104(c).

48. Due to HCS's willful violations of the PMWA, Duran and the Pennsylvania Class are entitled to recover from HCS their unpaid overtime wages and reasonable attorneys' fees and costs pursuant to the PMWA.

**PRAYER FOR RELIEF**

49. **WHEREFORE**, Duran, individually, and on behalf of the FLSA Collective and the Pennsylvania Class, respectfully requests that this Court grant the following relief:

   a. That, at the earliest possible time, Duran be allowed to give notice of this collective action, or that the Court issue such notice, to all Equipment Operators and other similarly situated Non-Exempt Workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at HCS nationwide. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

   b. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

   c. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    d. Designation of Duran as representative of the Pennsylvania Class and counsel of record as Class Counsel;

    e. Unpaid overtime wages permitted by law pursuant to the PMWA;

    f. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, as well as under the relevant state laws.

    g. Reasonable attorneys' fees and costs of the action; and

    h. Such other relief as this Court shall deem just and proper.

Dated: April 27, 2020

Respectfully submitted,

By: **/s/ David I. Moulton**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton
Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:    (713) 877-8788
Telecopier:    (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac vice forthcoming*
Armando A. Ortiz, *pro hac vice forthcoming*
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

**Attorneys for Duran and the Classes**